| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David A. Berkley (SBN 260105)<br>WOMBLE BOND DICKINSON (US) LLP<br>400 Spectrum Center Drive, Suite 1700<br>Irvine, CA 92618<br>Tel: (714) 557-3800<br>Fax: (714) 557-3347<br>Email: David.Berkley@wbd-us.com | **FILED & ENTERED**<br><br>**DEC 18 2024**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bolte    **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
| ☐ *Attorney for Debtor*<br>☐ *Debtor appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -SANTA ANA DIVISION**

| In re:<br><br>R2 Marketing & Consulting, LLC<br><br><br><br><br><br><br><br><br><br><br><br>Debtor. | CASE NO.: 8:24-bk-12045-SC<br><br>CHAPTER: 11<br><br>**ORDER RESOLVING MOTION FOR RELIEF FROM STAY BY GRANTING ORDER OF ADEQUATE PROTECTION**<br><br>☐ **No Hearing - LBR 9013-1(p)**<br>☒ **Hearing Information**<br>Vacated hearing:<br>DATE:  December 18, 2024<br>TIME: 1:30 p.m.<br>COURTROOM: 5C<br>PLACE: |

**Creditor: The Huntington National Bank**

1. The Motion was:     ☐ Opposed     ☐ Unopposed     ☒ Settled by stipulation

2. The Motion affects the following personal property (Property):

☒ Vehicle (*year, manufacturer, type and model*): Three (3) 2022 Ram Promaster Braun Ability Vans

   *Vehicle identification number*: 3C6MRVUG4NE138805; 3C6MRVUG4NE138806; 3C6MRVUG6PE527643
   *Location of vehicle* (*if known*):

☐ Equipment (*manufacturer, type, and characteristics*):

   *Serial number(s)*:
   *Location* (*if known*):

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*July 2021*                                  Page 1                               **F 4001-1.SEIZED.PROPERTY.ORDER**

☐ Other personal property (*type, identifying information, and location*):

Having considered the Motion for relief from stay, the court orders as follows:

3. The Motion is granted under:

a. ☐ 11 U.S.C. §§ 361, 362(a), (d), and (g), 363(b) and (e), 542(a), 543, and 549(a)(2)(B).

b. ☐ 11 U.S.C. § 105(a)

4. ☒ Adequate protection.  The following protections of Creditor's asserted interests in the Property are required *(select all that apply)*:

   a. ☒ Insurance and taxes.  Debtor must maintain adequate insurance coverage on the Property, as set forth in the Motion and supporting papers, and Debtor must remain current on any taxes or other governmental charges that become due postpetition and, if unpaid, would constitute a lien on the Property.

   b. ☒ Monthly adequate protection payments.  Debtor must stay current with postpetition monthly payments as follows *(choose one)*:

       **X** direct payments by Debtor to Creditor, for all regular monthly payments coming due postpetition, pursuant to the terms of the underlying contract and as set forth in any Adequate Protection Attachment to this order*; or*

       ○ payments by the chapter 13 trustee in the dollar amount proposed in the chapter 13 plan referenced in the Motion;

   c. ☒ Cure of arrears.  Debtor must cure all arrears as set forth in *(choose one)*:

       **X** plan: the proposed chapter 11 or 13 plan referenced in the Motion;

       ○ this order: the attached Adequate Protection Attachment.

   d. ☐ Allowed administrative expense.  Creditor is granted an administrative expense claim, in the following estimated amounts (*e.g., $xx for postpetition expenses such as delivering the Property to Debtor*): _____.

   e. ☐ other *(describe)*:_____
   _____
   _____

5. ☐ Additional adequate protection – return of the Property.  In furtherance of the foregoing, and as additional adequate protection of any interest asserted by Creditor in the Property, the following procedures are established for the safe and speedy return of the Property to Debtor.

   a. ☐ Communication.  Creditor must contact Debtor or Debtor's counsel, as specified in the Motion, within three (3) business days after entry of this Order and:

       i. Provide the name, email address, and telephone number of a point of contact for Creditor, or correct any incorrect contact information; and

       ii. Arrange a reasonable time and place for return of the Property.

   b. ☐ Return of Property.  Upon:

       i. ☐ Payment in full of debt owed on the Property; or

       ii. ☐ Receipt of (A) all adequate protection payments then due (if any) and (B) sufficient evidence of the other forms of adequate protection set forth in paragraph 4 of this order, above, Creditor is ordered to return the Property as follows:

       a. ☐ Debtor pickup: Debtor may retrieve the Property from *(specify full address of location)*: _____, during regular business hours between __ a.m. and __ p.m. on Mondays through Fridays, __ __.m. to __ p.m. on Saturdays, and __ __.m. to __ p.m. on Sundays.

       b. ☐ Creditor delivery: Creditor must deliver the Property to Debtor's address, *(specify Debtor's home or business address)*: _____, at a day and time to be arranged by communicating immediately with Debtor, between the hours of __ __.m. and __ __.m., using the telephone number or email address set forth in the caption of the Motion, or as

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

July 2021                                        Page 2                         F 4001-1.SEIZED.PROPERTY.ORDER

    follows *(specify any different telephone number and/or email address)*:
_____.

    c. ☐ <u>Other</u> *(describe)*: _____.

6. <u>Further acts</u>. Debtor and Creditor are hereby authorized to do all things reasonably necessary or appropriate for Creditor to return the Property to Debtor.

7. <u>Receipt of payments</u>. Creditor may accept payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable nonbankruptcy law.

8. <u>Use of the Property</u>. When the Property is returned to Debtor, Debtor is authorized to use the Property, subject to Creditor's interest in the Property.

9. <u>Binding effect</u>. This Order is binding only during the pendency of this bankruptcy case, and is subject to any modification in a subsequent order or confirmed plan. If the automatic stay is terminated by court order or by operation of law with respect to the Property, this Order will no longer be binding. Upon termination of the automatic stay, the Creditor may proceed to enforce its remedies under applicable nonbankruptcy law against the Property.

10. <u>Additional Provisions</u>. _____.

    IT IS SO ORDERED.

###

Date: December 18, 2024

Scott C. Clarkson
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*July 2021*                    Page 3                    **F 4001-1.SEIZED.PROPERTY.ORDER**

# ADEQUATE PROTECTION ATTACHMENT

*(This attachment is the continuation page for paragraph 4 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☒ Debtor tendered payments before the hearing in the amount of $7,404.00.

2. ☒ Debtor must make regular monthly payments in the sum of $ $7,404.00 commencing (*date*) October 28, 2024. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Creditor under this Adequate Protection Agreement must be paid to Creditor at the following address:

3. ☒ Debtor must cure the postpetition default computed through September in the amount of $$14,808.00 as follows:

   a. ☐ In equal monthly installments of $ _____ each commencing (*date*) _____ and continuing thereafter through and including _____.
   b. ☐ By paying the sum of $ _____ on or before (*date*) _____,
   c. ☐ By paying the sum of $ _____ on or before (*date*) _____,
   d. ☐ By paying the sum of $ _____ on or before (*date*) _____,
   e. ☒ Other: Debtor will cure post-petition default at confirmation.

4. ☒ Debtor must maintain insurance coverage on the Property and must remain current on all taxes that become due postpetition with regard to the Property.

5. ☐ Debtor must file a disclosure statement and plan on or before (*date*) _____
   A disclosure statement must be approved on or before (*date*) _____
   A plan must be confirmed on or before (*date*) _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Attachment, Creditor must serve written notice of default to Debtor, and the attorney for Debtor. If Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☒ The stay automatically terminates without further notice, hearing or order.
   b. ☐ Creditor may file and serve declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
   c. ☐ Creditor may move for relief from the stay upon shortened notice pursuant to LBR 9075-1(b).
   d. ☐ Creditor may move for relief from the stay on regular notice pursuant to LBR 9013-1(d).

7. ☐ Notwithstanding anything contained in this Adequate Protection Attachment to the contrary, Debtor is entitled to a maximum (*number*) of ____ notices of default and opportunities to cure pursuant to the preceding paragraph. Once Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Creditor is relieved of any obligation to serve additional notices of default and provide additional opportunities to cure. If an event of default occurs thereafter, Creditor shall be entitled, without first serving a notice of default and providing Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail Debtor's failures to perform under this Adequate Protection Attachment, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Attachment is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*July 2021*                                          Page 4                              **F 4001-1.SEIZED.PROPERTY.ORDER**

    Attachment ceases to be binding and Creditor may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against Debtor.

9. ☒ If Creditor obtains relief from stay based on Debtor's defaults under this Adequate Protection Attachment, the order granting that relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Creditor may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other *(specify)*:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*July 2021*  Page 5  **F 4001-1.SEIZED.PROPERTY.ORDER**