RANDALL P. MROCZYNSKI (SBN 156784)
rmroczynski@cookseylaw.com
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
(714) 431-1100; FAX: (714) 431-1119

Attorneys for Movant,
SANTANDER CONSUMER USA INC. dba CHRYSLER CAPITAL

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>R2 MARKETING AND CONSULTING, LLC<br><br>Debtor-in-Possession. | Case No. 8:24-bk-12045<br><br>CHAPTER 11<br><br>OMNIBUS REPLY TO DEBTOR'S OPPOSITIONS [DKT. NOS. 230-238] TO MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY) [DKT. NOS. 193-196, 198-199, 197-198 AND 214-216]<br><br>Date:    February 5, 2025<br>Time:   1:30 p.m.<br>Ctrm:   ZoomGov |

COMES NOW pre-petition secured creditor SANTANDER CONSUMER USA LLC dba CHRYSLER CAPITAL ("Movant") who submits this Omnibus Reply to Debtor R2 MARKETING & CONSULTING, LLC's ("Debtor") Responses [Dkt. Nos. 230-238] to Movant's Motions for Relief from the Automatic Stay filed herein as Docket Numbers 193-196, 198-199 and 214-216 (the "Motions").[1]  Each of the described Responses filed by Debtor are substantively identical.

---

[1] On December 30, 2024, Movant filed a Motion for Relief from the Automatic Stay as Docket Number 197 which was amended on that same day as Docket Number 198.  The Motion filed as Docket Number 197 was amended to correct the Vehicle Identification Number of the motor vehicle subject of that Motion.

1

OMNIBUS REPLY TO DEBTOR'S OPPOSITION

9100.4341   4050635.1

# I.

## NO PROOF HAS BEEN PROVIDED THAT THE VEHICLES SUBJECT OF THE MOTIONS ARE INSURED.

Each of the Responses to the Motions contends that the Vehicles subject of the Motions are insured. No proof of insurance is attached to the Responses. The Declarations of Ryan Morris (the "Morris Declarations") filed in support of the Responses state that proof of insurance will be provided prior to the Hearings on the Motions. As of the date of this Omnibus Reply, no proof of insurance has been filed with the Court or supplied to counsel for Movant. Debtor has failed to support its contention that the Vehicles are insured by providing evidence of insurance.

# II.

## DEBTOR DOES NOT CONTEST THE ALLEGATIONS OF THE MOTIONS THAT THE CONTRACTS FOR PURCHASE OF THE SUBJECT VEHICLES ARE IN PRE AND POST-PETITION DEFAULT.

Each Motion alleges that Debtor is in both pre- and post-petition payment default under the Contracts for purchase of the Vehicles subject of this Motion. In its Responses, Debtor presents no evidence to contest Movant's contentions and evidence regarding the defaults. In fact, at paragraph 5 of the Morris Declarations, Mr. Morris states that Debtor does not dispute the allegations of the Motions regarding Debtor's payment default. Debtor has, thus, conceded that cause exists to terminate the stay based on Debtor's pre- and post-petition payment defaults.

# III.

## DEBTOR DOES NOT CONTEST THE MOTIONS' ALLEGATIONS THAT THERE IS NO EQUITY IN THE VEHICLES.

Each Motion alleges and presents evidence that there is no equity in any of the subject Vehicles for the benefit of the Debtor or the Debtor's estate. Debtor's Responses do not challenge these allegations and Debtor has submitted no contrary evidence in the Responses that the Vehicles' values and the amount of Movant's indebtedness is anything other than as presented in the Motions.

## IV.

## **DEBTOR DOES NOT PRESENT ANY EVIDENCE TO SUPPORT ITS ALLEGATION THAT THE VEHICLES ARE NECESSARY FOR A REORGANIZATION THAT IS REASONABLY IN PROPSECT.**

11 U.S.C. § 362(g) states, in pertinent part:

> "In any hearing under subsection (d) or (e) of this section concerning relief from stay of any act under subsection (a) of this section,
>
> (1)  The party requesting such relief has the burden of proof on the issue of the Debtors' equity in the property; and
>
> (2)  The party opposing such relief has the burden on all other issues."

Once the movant under section 362(d)(2) establishes that the debtor has no equity in the property subject of the Motion, the burden then shifts to the debtor to prove the property at issue is essential for an effective reorganization that is in prospect. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375-76 (1998). In order for there to be an effective reorganization in prospect, the debtor must show the existence of a reasonable probability that a successful rehabilitation or a successful liquidation can be accomplished within a reasonable period of time and that the property in question will contribute to this effect. *See In re Playa Dev. Corp.,* 68 B.R. 549, 555 (Bankr. W.D. Tex. 1986). In meeting its burden of proof, the debtor's evidence cannot be grounded solely on speculation and conjecture. *See  In re Playa Dev. Corp.,* 68 B.R. at 555. A "lack of any realistic prospect of effective reorganization will require § 362(d)(2) relief." *United Sav. Ass'n of Texas*, 484 U.S. at 376.

The Debtor has presented no evidence whatsoever in its Responses that Debtor's reorganization is reasonably in prospect. This case was filed on August 13, 2024. On October 16, 2024, the Court entered a docket order [Dkt. No.140] setting a December 13, 2024 deadline for the filing of a proposed plan and disclosure statement. On December 13, 2024, Debtor filed a Request for Extension of Time to File Initial Disclosure Statement and Plan and Extend Other Deadlines as Appropriate [Dkt. No. 170] (the "Extension Request") requesting that the Court extend the deadline

1  to file a plan and disclosure statement to December 27, 2024. The Court granted Debtor's Extension Request by Order entered December 23, 2024 [Dkt. No. 189] and ordered Debtor to file a proposed plan and disclosure statement no later than December 27, 2024. December 27, 2024 has come and gone without the filing by Debtor of a proposed plan or disclosure statement. Attached to the Declaration of Randall P. Mroczynski in support hereof (the "Mroczynski Declaration") as Exhibits "A" through "C" are true and correct copies of the PACER docket for this case, the Extension Request and the Court's Order granting the Extension Request.

Since the case was filed, Monthly Operating Reports ("MORs") for the months of August through December 2024 have come due. Debtor has filed a single MOR to date, for the period of August 15, 2024 through August 31, 2024 [Dkt. No.82]. That MOR states that Debtor's opening cash balance was $13,335.76, that Debtor had receipts during the reporting period of $23,015.96 and disbursements of $32,962.10, cash flow for the reporting period of <$9,546.19>, and a closing cash balance of $10,171.00.

The August 2024 MOR was later amended on October 1, 2024 [Dkt. No. 91] to reflect receipts of $17,577.96 during the reporting period and disbursements of $27,805.96, cash flow for the reporting period of <$10,228.02>, and a closing cash balance of $3,127.94. Debtor has filed no further MORs. Attached to the Mroczynski Declaration as Exhibits "D" and "E" are true and correct copies Debtor's August 2024 MOR and Amended August 2024 MOR.

In its above-described Extension Request filed on December 13, 2024, Debtor indicated that (1) it had applied to the Court on October 2, 2024 for the authority to retain Menchaca and Associates, Inc. ("Menchaca") to, among other things, provide Debtor with accounting assistance and assistance in preparing MORs; and (2) Menchaca's employment was approved by Order entered October 21, 2024. However, in its Extension Request Debtor candidly admitted that as of December 13, 2024, Debtor had not supplied Menchaca with all of the required information necessary to prepare the missing MORs.

In its Extension Request, Debtor stated with respect to the MORs:

"Without these reports filed, the Debtor and/or Menchaca and Company

lack the ability to produce any sort of projections with any degree of reliability; The Debtor cannot reference any proof of its post-petition activity without these reports filed. Id. There lacks any sufficient neutral demonstration of the Debtor's financial activities. There is no ability for the creditors to evaluate the feasibility of any proposed plan. Id.

More than 45 days have elapsed since Debtor made these representations in its Extension Request. Yet, Debtors have filed no additional MORs. The only financial reporting for this case to date is for a two-week period approximately six months ago.

Multiple motions for relief have been filed in this case which, thus far, Debtor has been able to resolve through Adequate Protection Orders which require Debtor to make thousands of dollars in monthly adequate protection payments. Given the lack of filed MORs, it is unknown whether Debtor is in compliance with those Adequate Protection Orders.

## IV.

## CONCLUSION.

Debtor has presented no evidence in its Responses that the Vehicles are insured. Debtor has presented no evidence in its Responses to support a finding that Debtor's reorganization is reasonably in prospect. The only financial information that has been supplied to the Court and to creditors, the August 2024 MOR, indicates that Debtor's cash balance as of August 31, 2024 was a mere $3,127.94. Other than the August 2024 MOR, Debtor has filed no further MORs. Debtor is out of compliance with the Court's Order to file a Plan and Disclosure Statement by December 27, 2024. Debtor has not been making post-petition payments to Movant. Whatever the status may be of the adequate protection payments due other creditors under various order of this Court, it is apparent Debtor was not making post-petition payments to those creditors prior to entry of the Adequate Protection Orders in those creditors favor. Debtor does not contest that it has not made post-petition payments to Movant with respect to the Contracts for purchase of the Vehicles and does not contest that there is no equity in the Vehicles for its benefit or that of the estate. Movant has carried its burden to terminate the stay in connection with the Motions and Debtor has not carried its burden to maintain the stay. Movant

1  respectfully requests that the Motions be granted.

3  DATED: January 29, 2025                    Respectfully submitted,

4                                             COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

6                                             By: _____
7                                             RANDALL P. MROCZYNSKI
                                              Attorneys for Movant SANTANDER
                                              CONSUMER USA LLC dba CHRYSLER
8                                             CAPITAL

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Suite 1000
Costa Mesa, California 92626-1977

9100.4341   4050635.1

**DECLARATION OF RANDALL P. MROCZYNSKI IN SUPPORT OF OMNIBUS REPLY**

I, Randall P. Mroczynski, declare:

1. I am a Partner with the law firm of Cooksey, Toolen, Gage, Duffy & Woog, attorneys of record for Movant SANTANDER CONSUMER USA LLC dba CHRYSLER CAPITAL ("Movant"). I make the following declaration based upon my own personal knowledge from a review of pleadings and documents filed in the above-captioned case, and if called upon to do so, I would and could competently testify to the facts stated herein.

2. The Morris Declarations filed in support of Debtor's Responses to the Motions state that proof of insurance will be provided prior to the Hearings on the Motions. As of the date of this declaration, no proof of insurance has been filed with the Court or supplied to me.

3. On October 16, 2024, the Court entered a docket order [Dkt. No.140] setting a December 13, 2024 deadline for the filing of a proposed plan and disclosure statement in this case. On December 13, 2024, Debtor filed a Request for Extension of Time to File Initial Disclosure Statement and Plan and Extend Other Deadlines as Appropriate [Dkt. No. 170] (the "Extension Request") requesting that the Court extend the deadline to file a plan and disclosure statement to December 27, 2024. The Court granted Debtor's Extension Request by Order entered December 23, 2024 [Dkt. No. 189] and ordered Debtor to file a proposed plan and disclosure statement no later than December 27, 2024. December 27, 2024 has come and gone without the filing by Debtor of a proposed plan or disclosure statement. True and correct copies of the PACER docket for this case, the Extension Request and the Court's Order granting the Extension Request are attached herto as Exhibits "A" through "C."

4. Since this case was filed, Monthly Operating Reports ("MORs") for the months of August through December 2024 have come due. Debtor has filed a single MOR to date, for the period of August 15, 2024 through August 31, 2024 [Dkt. No.82]. That MOR states that Debtor's opening cash balance was $13,335.76, that Debtor had receipts during the reporting period of $23,015.96 and disbursements of $32,962.10, cash flow for the reporting period of <$9,546.19>, and a closing cash balance of $10,171.00.

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Suite 1000
Costa Mesa, California 92626-1977

5.\tThe August 2024 MOR was later amended on October 1, 2024 [Dkt. No. 91]to reflect receipts of $17,577.96 during the reporting period and disbursements of $27,805.96, cash flow for the reporting period of <$10,228.02>, and a closing cash balance of $3,127.94.  Debtor has filed no further MORs.  True and correct copies Debtor's August 2024 MOR and Amended August 2024 MOR are attached hereto as Exhibits "D" and "E."

6.\tIn its above-described Extension Request filed on December 13, 2024, Debtor indicated that (1) it had applied to the Court on October 2, 2024 for the authority to retain Menchaca and Associates, Inc. ("Menchaca") to, among other things, provide Debtor with accounting assistance and assistance in preparing MORs; and (2) Menchaca's employment was approved by Order entered October 21, 2024.  However, in its Extension Request Debtor candidly admitted that as of December 13, 2024, Debtor had not supplied Menchaca with all of the required information necessary to prepare the missing MORs.

7.\tIn its Extension Request, Debtor stated with respect to the MORs:

> "Without these reports filed, the Debtor and/or Menchaca and Company lack the ability to produce any sort of projections with any degree of reliability; The Debtor cannot reference any proof of its post-petition activity without these reports filed. Id. There lacks any sufficient neutral demonstration of the Debtor's financial activities. There is no ability for the creditors to evaluate the feasibility of any proposed plan. Id.

8.\tMore than 45 days have elapsed since Debtor made these representations in its Extension Request.  Yet, Debtors have filed no additional MORs.  The only financial reporting for this case to date is for a two-week period approximately six months ago.

9.\tMultiple motions for relief have been filed in this case which, thus far, Debtor has been able to resolve through Adequate Protection Orders which require Debtor to make thousands of dollars in monthly adequate protection payments.  Given the lack of filed MORs, it is unknown whether Debtor is in compliance with those Adequate Protection Orders.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on January 29, 2024 at Costa Mesa, California.

_____
RANDALL P. MROCZYNSKI